```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


WILLIE EDWARD DAVIS,              §
TDCJ-CID NO. 1422283,             §
                                  §
              Plaintiff,           §
                                  §
v.                                §    CIVIL ACTION NO. H-09-1911
                                  §
JOHN POLLOCK, et al.,             §
                                  §
              Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

Willie Edward Davis, currently an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this civil rights action under 42 U.S.C. § 1983 claiming that law enforcement officials violated his constitutional rights by arresting and confining him without probable cause or jurisdiction. Pursuant to FED. R. CIV. P. 12(b)(6), the defendants have filed two Motions to Dismiss (Docket Entry Nos. 18 and 19) asserting that Davis's claim is barred by limitations. For the reasons explained below, defendants' motions will be granted.

### I. Allegations

Davis claims that the following defendants fabricated evidence to illegally arrest and detain him: investigators for the Brazos County Sheriff's Department, John Pollock, Fred Kindell, Kenny Elliot, and Chief Investigator Jim Mann; Brazos County Sheriff Chris Kirk; Texas Ranger Frank Malinak; and Brazos County

District Attorney Bill Turner. (Docket Entry No. 1 at 3-4) Davis alleges that his son was robbed at gunpoint by Tommy Andrade. (Docket Entry No. 1 at 5) In response, an associate of Davis arranged for three men from Georgia to recover the stolen property. Apparently, the plan went awry when a shootout occurred on August 7, 2003, leaving one of the three men, along with Andrade, dead. Id. In addition, the other two members of the recovery team were seriously wounded. Despite their apparent need, the survivors refused local treatment. Instead, they were taken to a motel in Houston where they waited to be taken back to Georgia. Davis asserts that someone requested his help in taking the men back to Georgia, and he complied by picking them up at the Houston motel.

Davis alleges that the defendants conspired to arrest him and then charged him with tampering with evidence while in Brazos County, although they knew that the offense occurred in Harris County. (Docket Entry No. 1 at 6) Davis asserts that the defendants accused him of picking up the injured men at a hotel in Brazos County and attempting to hide their wounds. Id. Davis further alleges that he was arrested based on the false information and that he had to spend thousands of dollars before the indictment against him was dismissed on June 20, 2007. Id.

## II. Defendants' Response

The defendants argue that Davis's complaint is untimely. In support of their argument, they present a copy of an executed

capias, which reflects that Davis was arrested on March 26, 2004, having been charged with the offense of "tamper[ing,] fabricat[ing] physical evidence [with the] intent to impair." (Docket Entry No. 18-1 at 2) In addition, the defendants present a docket sheet showing that Davis was taken before a magistrate judge on March 30, 2004, and was arraigned on April 29, 2004. Id. at 5-6. They observe that Texas has a two-year statute of limitations and contend that the limitation period commenced on the date Davis was arrested, March 27, 2004,[1] or at the latest, the date of his arraignment, April 29, 2004. Docket Entry No. 18 at 3-4, citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; Wallace v. Kato, 127 S.Ct. 1091, 1096 (2007). The defendants therefore argue that the complaint is untimely because it was filed well after the expiration of the two-year limitation period. Although the defendants' motions to dismiss rely in part on matters outside of Davis's complaint, Davis does not dispute the exhibits attached to the defendants' motions; in fact, he cites to them in his Response. Because matters outside of the pleadings have been presented and these matters have not been disputed, the court shall treat the defendants' motions as motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(d); see

---

[1] There is a minor variance between the date of arrest, March 27, asserted by the defendants and the date of arrest, March 26, as reflected in the capias. The court shall refer to the capias date for purposes of analysis.

Campbell v. Upjohn Co., 498 F.Supp. 722 (W.D. Mich. 1980), aff'd, 676 F.2d 1122 (6th Cir. 1982).

Davis has filed a response (Docket Entry No. 22) in which he contends that the defendants have retroactively applied Wallace v. Kato because the Supreme Court issued the decision in 2007, three years after the date of his arrest. He asserts that the defendants' argument is impermissible because it relies solely on Wallace. Davis also attempts to restate his complaint as one in which he asserts that he had been subjected to malicious prosecution, which was assertable only after the charge was dismissed in 2007. Davis further argues that he is entitled to equitable tolling because the defendants attempted to conceal the fact that they had illegally arrested him by dismissing the charge on the basis that they had found him guilty in a companion case. (Docket Entry No. 22 at 10) He claims that the defendants' actions constituted a continuing violation entitling him to have the limitations period tolled during the pendency of the charge against him. Id.

In their Reply (Docket Entry No. 23), the defendants argue that Davis asserted claims of false arrest and false imprisonment in his original complaint. They also argue that the precedent regarding the accrual of a false arrest claim was settled years before the Supreme Court decided Wallace and that the decision did not overturn precedent or create new law. The defendants also argue that Davis cannot raise his malicious prosecution claim for

-4-

the first time and that such claims cannot stand alone in federal court.  Id. at 4-5, citing Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003); Jackson v. Stinchomb, 635 F.2d 462 (5th Cir. 1981). Moreover, state law, which determines the time period in which a civil rights claim may be brought, has an even shorter period for malicious prosecution claims.  Id. citing TEX. CIV. PRAC. & REM. CODE Ann. § 16.002(a).  The defendants refute Davis's argument that the limitations period should have been tolled during the period that the tampering-with-evidence charges were pending because he was actually found guilty and sentenced to life imprisonment in a companion case.

### III. Analysis

Although Davis attempts to portray himself as an individual who was falsely implicated in Tommy Andrade's death, the TDCJ-CID website indicates that he is serving a life sentence for capital murder committed on August 8, 2003, the date of Andrade's death, http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=05905505.  A local news report verifies that Davis was found guilty of plotting with his sons to murder Tommy Andrade after Andrade had allegedly stolen proceeds from the family's drug enterprise, http://www.kbtx.com/news/headlines/6333687.html.  The news story also reports that Davis's sons were found guilty of either robbery or murder and that it was revealed at Davis's trial that he had driven two injured hit men across state lines after the murder. Id.

In his Response, Davis argues that he was subjected to malicious prosecution. Davis does not have an unqualified right to amend his complaint after the defendants have filed their response and motion for summary judgment based on his original complaint. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995). Davis's purported amendment will be denied as futile. See Davis v. Louisiana State Univ., 876 F.2d 412, 413-14 (5th Cir. 1989).

Under Texas law Davis must show the following to establish a claim for malicious prosecution: (1) a criminal action was commenced against Davis; (2) the defendants caused or aided the prosecution; (3) the action terminated in Davis's favor; (4) Davis was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged Davis. See Izen v. Catalina, 256 F.3d 324, 328 (5th Cir. 2001), citing Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994). See also Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir. 1995) ("The underlying criminal proceeding must terminate in the plaintiff's favor before a malicious prosecution claim accrues."), citing Heck v. Humphrey, 114 S.Ct. 2364, 2374 (1994).

Davis's purported malicious prosecution claim fails because there was no favorable termination of the proceedings against Davis. Although Davis's charge of tampering with evidence was dismissed, the dismissal was ordered because he was convicted of a much graver offense, capital murder. Consequently, Davis cannot

assert a claim of malicious prosecution because he cannot show that he successfully terminated the prosecution against him. Nor can he claim that he was innocent since his dismissal was predicated on a conviction arising out of the same criminal transaction. See Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009).

Having concluded that Davis cannot assert a malicious prosecution claim, the court looks at applicable federal law to determine whether he has timely asserted a claim that he was falsely arrested and detained. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "[A] cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). The limitations period of a false arrest claim began to run on the date when the plaintiff was first detained pursuant to legal process. Mapes v. Bishop, 541 F.3d 582, 583-84 (5th Cir. 2008) (plaintiff arrested on April 13, 2001), citing Wallace v. Kato, 127 S.Ct. at 1100. Likewise, a false imprisonment claim accrues when the plaintiff is brought before a magistrate or is arraigned on charges. Wallace, at 1096.

Davis alleges that the defendants conspired to arrest and detain him on March 26, 2004. That date has been established as the date of his arrest. Davis was later brought before a magistrate judge on March 30, 2004, and arraigned on April 29, 2004.

-7-

When determining the statute of limitations period in a section 1983 action, the court looks to the forum state's personal-injury limitations period. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998), citing Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). In Texas the statute of limitations period is two years after the date on which the cause of action arose. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Consequently, Davis must have filed his complaint no later than March 26, 2006, to assert his false arrest claim, and April 29, 2006, to assert his false imprisonment claim.

Because Davis was incarcerated when he filed his civil rights complaint, he is considered to have filed it on June 10, 2009, the date it was signed and the earliest date he could have given the pleading to prison authorities for mailing to this court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995); see also Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). Therefore, it is clear that this action is barred by the statute of limitations because it was filed more than three years after the expiration of the two-year limitations period.

Davis argues that the limitations period should be tolled. A party who invokes equitable tolling bears the burden of proof, and equitable tolling will only be applied in "rare and exceptional circumstances." Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002), citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

It is generally applied when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. <u>Teemac</u>, quoting <u>United States v. Patterson</u>, 211 F.3d 927, 930 (5th Cir. 2000). In support of his argument for equitable tolling, Davis only presents the conclusory allegation that the real reason behind the dismissal was that the defendants lacked jurisdiction to prosecute Davis for helping the two men at the Houston motel. (Docket Entry No. 22 at 10) Davis's Response presents no valid reason his claims should be equitably tolled. The court will grant the defendants' motions to dismiss.

### IV. <u>Conclusion</u>

The defendants' Motions to Dismiss (Docket Entry Nos. 18 and 19) are **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 29th day of January, 2010.

                                            _____
                                                        SIM LAKE
                                            UNITED STATES DISTRICT JUDGE